CARMINE RICHARD, RESPONDENT, v. FRANCIS D. SPAGNA, APPELLANT.

Submitted May 14, 1926—Decided December 23, 1926.

Sale of Real Estate—Agent's Commissions—Agent's Authority Contained in Written Memorandum—Agent Secured Buyer at Price Named Therein—Vendor Then Refused to Sell at That Price—Judgment For Agent For Amount Commissions Would Have Been—Vendor Questioned Many Things, Including Sufficiency of Memorandum—All Questions Examined and Judgment Sustained.

On appeal from the Third District Court of the county of Bergen.

Before Justices KALISCH, KATZENBACH and LLOYD.

3

For the respondent, *Hart & Vanderwart.*

For the appellant, *Adolph J. H. Peters* (*Nicholas S. Schloeder,* of counsel).

PER CURIAM.

In this case the plaintiff recovered in the Third District Court of Bergen county a judgment for $500 as commissions alleged to have been earned on procuring a purchaser for the defendant's property, 521 Brandon Place, in the borough of Cliffwood Park, Bergen county.

The authority of the plaintiff was contained in a writing reading as follows:

"May 19, 1924.

The undersigned hereby authorizes Carmina Richard, * *  * to sell the property described below, which is made part of this agreement, and for which services I agree to pay said agent a commission of five per cent. * * * these rates of commission to apply on the amount finally accepted, be it more or less than the price hereinafter named, provided the property is sold through said agent's influence and efforts or the purchaser introduced by him.

Property, 521 Brandon Place.

Price, $13,500.    Terms of sale, first mortgage, $7,000; $2,000 or $3,000 cash.

F. D. SPAGNA [L. S.]."

In February following the plaintiff procured one Praskac as a purchaser for the property. The purchaser attempted to negotiate with the owner, but was told the price was higher than that given in the authority to the plaintiff, with the result that the negotiations fell through. It clearly appeared that Praskac was able and willing to pay the price specified in the authorization, and formal tender was caused to be made by the plaintiff to the defendant of a contract which it was claimed was in accordance with the terms of the plaintiff's authority. The trial judge, sitting without a jury, gave judgment for the plaintiff in the sum of $500. From that

judgment this appeal is taken by the defendant, and a number of reasons assigned for reversal.

The first point raised is as to the refusal by the court of the defendant's motion for a nonsuit; the second, that the court erroneously gave judgment for the defendant. These are covered in substance by our consideration of the seventh point.

The third and fourth points are that the court erroneously admitted in evidence a proposed agreement which was tendered to the defendant, and a check for $100 tendered at the same time. These were competent. They formed part of the proofs to establish that the efforts of the plaintiff to supply a purchaser able and willing to comply with the terms of purchase had been successful. It is criticised that the court received it as a contract. We do not find this to be the case. All the court said was: "I suppose that would be a matter for argument just whether it was a contract. He is offering it as a contract." After some further discussion the court said, "I will allow it in evidence." There is nothing in this to show that the court received it as evidence of a contract between the purchaser and the defendant, but if it were otherwise such action would not constitute reversible error. It was certainly evidence bearing on the performance by the plaintiff of his contract with the defendant, and if it be desired that the proof be limited, proper instruction should have been requested of the court to this end. *Hill* v. *Maxwell*, 77 *N. J. L.* 766.

The fifth point is that the court erroneously allowed the plaintiff to testify that Praskac was able to buy the property. This was not objectionable in itself, but whether so or not it was harmless, inasmuch as the uncontradicted testimony of Praskac was that he was able to make the purchase. We may add that according to the quotation in the appellant's brief the question was propounded and the answer given before objection was made, and when the objection was finally ruled upon no exception was taken. The objection was not only too late, but because of the absence of exception is not available to the appellant.

The sixth point is that there was no legal evidence to support the finding of the trial court as found in its opinion to the following effect:

"By virtue of this authorization I find the plaintiff procured one Charles Praskac, who agreed to purchase the premises at the price and upon the terms mentioned in the said authorization, and that said Praskac deposited $100 on account thereof."

Counsel conceded that error cannot be assigned on the opinion of the court, but only on its judgment, and that if the judgment can be sustained on any theory the reviewing court will do so. The inaccuracy, however, is more apparent than real. What is clearly meant is that Praskac had signed the purchasing agreement and tendered the $100 deposit.

This brings us to the seventh and important point in the case, namely, that the contract between the plaintiff and the defendant did not contain all of the terms essential to authorize the plaintiff to make the contract, and *deLeonard* v. *Papanas*, 128 *Atl. Rep.* 922, is cited to support this contention. It will be noted that the terms are stated in this language: "Price, $13,500; terms of sale, first mortgage, $7,000; $2,000 or $3,000 cash." The contention of the appellant is that the contract does not express any method of securing or paying the difference between the $9,000 or $10,000 and the $13,500 of the purchase-money.

The real question here presented is whether the agent under this writing could have made a binding contract with the purchaser. Seven thousand dollars and $2,000 or $7,000 and $3,000 do not together make $13,500. No provision is made as to how the difference of $4,500 or $3,500, as the case may be, is to be paid or secured. It is not to be supposed, of course, that the owner was willing to part with his property after having stated the price of $13,500 for a lesser sum amounting to either $9,000 or $10,000. The most that can be gathered is that the difference was to be on credit. How and whether that credit was to be secured is not stated, but it may be, the respondent contends, that the purchaser would be permitted to place a second mortgage for the difference. In this re-

gard the case differs materially from the one cited. In the latter there was opportunity for the purchaser to place any amount of mortgage on the property prior to the claim of the seller. Here, there is no such condition. The purchaser is required to make a down payment, to give a first mortgage of $7,000, and to remain indebted to the seller for the difference between that combined sum and the purchase price. If the contract be accepted as it reads the responsible buyer could owe the balance for a reasonable time; that he was ready to give a second mortgage may possibly be treated as more favorable to the defendant than he had a right to ask. There is, however, proof in the case that in other respects the broker had procured a buyer strictly within the terms of his authority, and with respect to the mode of payment; that it was acceptable to the defendant, and his objection did not go to the method of securing the balance, his demand was for a larger price. This being true the plaintiff had procured a purchaser acceptable to the defendant in so far as this feature was concerned.

The last point raised in the case is that the contract was made in May, 1924, and that it expired of its own weight when no purchaser was found within a reasonable time. The difficulty with this position on the part of the defendant is that as late as March 10th and 16th, 1925, the defendant treats the authority as good in letters of those dates. At all events the question of whether or not the plaintiff had exercised his authority in a reasonable time was one of fact, and the judgment could not be disturbed on this account.

The judgment is affirmed.