JULIUS H. SCHWARTZ, APPELLANT, v. ADOLPH WEINSTEIN, RESPONDENT.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *Rosenkrans & Rosenkrans*.

For the respondent, *Feder & Rinzler*.

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover a real estate broker's commission of two and one-half per cent. upon the purchase or exchange price of real estate. The property is known as 61 Bridge street and 63-65 Hamilton avenue, located in Paterson. The case was tried in the Passaic Court of Common Pleas, resulting in a judgment for the plaintiff for $899.25. An appeal to the Supreme Court resulted in a reversal of the judgment by that court on the ground that it was error to refuse the motion made for a nonsuit. Then, an appeal was taken to this court, alleging error by the Supreme Court in giving judgment for the defendant.

We think the Supreme Court fell into error in holding that, as the plaintiff had no written authority to purchase or exchange the property, the written agreement having expired, he was not entitled to commissions, because the purchaser was secured after the option had expired. The option expired June 15th, 1924. The purchaser was not secured until July 2d, 1924.

The trial court submitted the case to the jury upon the theory that a written extension of the option was not required, and left it to the jury to determine whether or not the owners of the property were ready, willing and able to exchange their property for the Weinstein property, and whether or not they were produced or secured by the plaintiff.

This brings us, for a clear understanding of the situation, to state and consider the writing, which is the basis of the plaintiff's suit. This is *Exhibit P-1*. The date is blank. It provides that: "I, Adolph Weinstein, do hereby authorize Julius H. Schwartz as my exclusive agent to sell or exchange my property situate," &c. "I also agree to pay the above-named agent a commission of two and one-half per cent. on the purchase price. This option shall expire June 15th, 1924. In the event that a purchaser who was recommended

by the above-named agent should purchase the said property after this option expires, the said agent shall be entitled to the full commission. It is understood the said agent must report the said customer's name in writing before contract for sale is consummated on above property."

Under the theory of the case, as submitted by the trial court to the jury, it must be accepted as true, as the jury in the trial court so found; that the plaintiff, Schwartz, had produced a purchaser, who was able and willing to buy or to exchange, and that the defendant, after making an agreement orally for the exchange, then refused to perform. The verdict of the jury is fully supported by the testimony in the record.

Under the provision of the writing above quoted the plaintiff was entitled to recover under our decisions, notwithstanding the fact that a purchaser was secured by the plaintiff after his option had expired. The principle of law to be applied to the facts of this case is stated, illustrated and applied in the case of *Steinberg* v. *Mindlin*, 96 *N. J. L.* 206; *Resky* v. *Meyer*, 98 *Id.* 168.

The fact that the broker did not report the customer's name in writing, before the contract of sale was consummated, became immaterial. The defendant and the intending purchaser agreed with relation to the exchange of properties. At that time the defendant knew who the purchaser was and the reporting of the name after he had met the purchaser and negotiated with him, would have been superfluous and answered no practical purpose.

A criticism was aimed at the pleadings, the complaint embraces two counts, either of which is sufficiently supported by the proofs.

The complaint does not count on a parole extension of the contract, but relies on the contract as originally made. This is a proper pleading and sufficient.

Of course, on an appeal to the Court of Errors and Appeals from a judgment reversed by the Supreme Court, it is open to the respondent to sustain the reversal upon any ground urged in the Supreme Court, other than that assigned

by the Supreme Court as error. *McLaughlin* v. *Damboldt,* 100 *N. J. L.* 127. We find, however, no error in the other grounds of appeal filed in the Supreme Court.

The judgment of the Supreme Court is reversed, and the judgment of the Passaic County Court of Common Pleas is affirmed.

*For affirmance*—PARKER, CAMPBELL, WHITE, KAYS, HETFIELD, JJ. 5.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, MINTURN, BLACK, VAN BUSKIRK, MCGLENNON, DEAR, JJ. 7.