32 N.J. Super. 525 (1954)
108 A.2d 627
JOHN J. BREEN, TRADING AS BANKERS REALTY CO., PLAINTIFF-RESPONDENT,
v.
NORMAN LEVINE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 18, 1954.
Decided October 29, 1954.
*526 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. George F. Losche argued the cause for plaintiff-respondent (Mr. Charles C. Shenier, attorney).
Mr. Morris Silver argued the cause for defendant-appellant (Mr. Leon Borden, attorney; Mr. Isidore Parnes on the brief).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The plaintiff, a real estate broker, entered into an agreement with the defendant, the owner of certain property, by which for the period of one month, namely from March 21 to April 21, 1952, plaintiff was given an exclusive agency to sell the property for $35,000, or such lesser price as the defendant agreed to take. The action here is founded upon the following clause in the agreement:
"If the property is sold to any person, agent or principal, to or thru whom it was offered thru an agent during the period of this authority, I will pay the stated commission."
On March 24, 1952  which was within (to use the words of the clause) "the period of this authority"  plaintiff induced a certain person to make a written offer for the property for $30,000, but defendant rejected the offer as unsatisfactory. So the whole matter was then dropped and only by the merest chance reopened some 14 months later, with the result that the property was thereafter sold to that person for $29,000 without the plaintiff being in any way aware of the developments. Upon these facts  we think no others *527 need be mentioned  judgment was directed for the plaintiff at the trial. Defendant appeals.
The parties on the argument before us agreed upon one point, namely, that the above clause does not remain operative after the lapse of a reasonable time following April 21, 1952. Messick v. Powell, 314 Ky. 805, 236 S.W.2d 897, 27 A.L.R.2d 1341, 1348, 1408 (Ct. App. 1951). There is nothing in Schwartz v. Weinstein, 104 N.J.L. 368 (E. & A. 1928) to the contrary. Cf. Restatement of Agency § 105, § 446(c); 27 A.L.R.2d 1348, 1390; 12 C.J.S., Brokers, § 88, p. 203. See, too, N.J.S.A. 45:15-17(f), and note that the amendment to that statute approved July 22, 1954, L. 1954, c. 193, deletes the statement upon which Maraziti v. Corigliano, 29 N.J. Super. 86, 93 (App. Div. 1953) turned, and indeed in the statement on the bill, by which the amendment was made, that case was cited.
It seems also to be conceded, as indeed it must, that the question as to what constitutes a reasonable time in this case is a matter for the jury. Richard v. Spagna, 5 N.J. Misc. 33, 37 (Sup. Ct. 1926), affirmed 103 N.J.L. 711 (E. & A. 1927); Cf. 9 Wigmore, Evidence (3rd ed.), § 2553.
We come then to the single issue before us. Plaintiff claims that neither in the pretrial order nor at the trial did defendant bring to the trial court's attention the point now conceded, namely, that the above clause expires with the efflux of time. But we think otherwise. In the pretrial order, defendant, after adverting to the fact that title was closed 16 months after the termination of the exclusive agency, then took the position that the contract  that is, of course, the rights arising under the above-quoted clause thereof upon which the whole case is based  "had expired."
On plaintiff's motion for a directed judgment, defendant's attorney twice said in substance that it would be going too far to hold that this clause ties the defendant down "indefinitely"  "for any length of time"  that it could not have been intended to require defendant to pay plaintiff a commission 10 or 20 years later if he sold the house then to some one to whom an agent had offered it during the period *528 of the agency. In speaking of the lapse of 10 or 20 years the attorney clearly was not referring (as was suggested on the argument) to the one-month period of the agency.
The issue could have, indeed should have, been stated more explicitly by making reference to the matter of reasonable time; but we think the point sufficiently appears. That being so, the case should not have been taken from the jury.
Reversed and new trial ordered.